UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESCAMILLA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. DANIAL,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:18-cv-02500-GPC-JLB<br><br>**ORDER:**<br><br>**(1) DISSOLVING ORDER TO SHOW CAUSE**<br><br>**AND**<br><br>**(2) RE-ISSUING SUMMONS AND RE-DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3).**<br><br>**ECF Nos. 4, 8.** |

David Escamilla ("Plaintiff"), currently incarcerated at Salinas Valley State Prison, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. §1983. ECF No. 1. On February 2, 2019, Plaintiff was granted permission to proceed in forma pauperis, ECF No. 4, and a summons was issued to Plaintiff. ECF No. 5. The order granting Plaintiff's motion directed the Plaintiff to complete Form 285 and submit it to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. *See* ECF Nos. 4, 5. On September 16, 2019, Plaintiff had not yet complied with this order, so the Court issued an order to show cause for why the case should not be dismissed. ECF No. 6.

On October 3, 2019, Plaintiff submitted a letter to the Court explaining why he had not complied with the summons. ECF No. 8. Plaintiff explained that he had been unable to complete the forms because he is not "legal savvy" and was unable to find assistance as a prior inmate who was helping him had since been transferred. *Id.* Plaintiff wishes to continue this lawsuit and requests that the Court "let him know what [he] must do to proceed." *Id.*

In light of pro se Plaintiff's circumstances, and based on the reasons articulated in Plaintiff's letter, ECF No. 8, the Court finds that Plaintiff has shown good cause to proceed in this action.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court's order to show cause, ECF No. 6, is hereby **DISSOLVED**.
2. The <u>Clerk of Court</u> is **DIRECTED** to re-issue a summons with respect to Plaintiff's Complaint, ECF No. 1, and as to Defendant DANIAL. The Clerk should then provide Plaintiff with the re-issued summons. When sending the re-issued summons to Plaintiff, the Clerk should include with the summons: (a) one new blank U.S. Marshal Form 285 for Defendant DANIAL; (b) another letter instructing Plaintiff on how to complete this Form 285; (c) a certified copy of this

2

Order, ECF No. 9; (d) a certified copy of the Order granting Plaintiff's motion to proceed in forma pauperis, ECF No. 4; and (e) a certified copy of the Complaint, ECF No. 1. Together, the re-issued summons and additional documents are Plaintiff's "IFP Package."

3. <u>Plaintiff</u> is **DIRECTED** to complete the following actions to aid the U.S. Marshal in serving his Complaint:
   a. First, upon receiving the IFP Package, Plaintiff must complete the IFP package, including the U.S. Marshal Form 285, as accurately as possible.
   b. Second, Plaintiff must return the completed IFP package and Form 285 to the U.S. Marshal according to the instructions provided by the Clerk's letter.
   c. Third, Plaintiff must include on the Form 285 an address where the U.S. Marshal can serve Defendant DANIAL. *See* S.D. Cal. CivLR 4.1.c.

4. <u>Plaintiff</u> is **FURTHER DIRECTED** to complete the following actions for all of his future filings in this case:
   a. Plaintiff must serve upon <u>Defendant</u> DANIAL and his attorney, if Defendant obtains an attorney, a copy of every pleading or document that Plaintiff files with the Court in this case.
   b. For every future filing with the Court in his case, Plaintiff must include a certificate of service which states:
      i. How he served a true and correct copy of that filing on Defendant, and
      ii. The date when Defendant was served.
   c. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

5. Upon receipt, the <u>U.S. Marshal</u> is **ORDERED** to serve a copy of the Complaint and summons upon Defendant DANIAL as directed by Plaintiff on his newly-

3

completed USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. <u>Defendant</u> DANIAL is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

**IT IS SO ORDERED.**

**Dated: October 23, 2019**

Hon. Gonzalo P. Curiel
United States District Judge